
DA 07-0382

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 19

IN THE MATTER OF:

S. T.,

A Youth in Need of Care.

APPEAL FROM:  District Court of the Third Judicial District,
In and For the County of Granite, Cause No. DN 04-01
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Patrick T. Gallagher, Skakles & Gallagher, Anaconda, Montana

For Appellee:

Honorable Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

Ben Krakaowka, Attorney at Law, Anaconda, Montana
(Guardian Ad Litem)

Joseph C. Connors, Attorney at Law, Anaconda, Montana (Mother)

Submitted on Briefs:  December 6, 2007

Decided:  January 29, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Appellant C.T. is the natural father of S.T.  C.T.'s parental rights were terminated upon a petition by the Department of Public Health and Human Services (DPHHS) and a hearing in the Third Judicial District Court, Granite County.  We affirm.

¶2    We address the following issue on appeal:

¶3    Did the District Court abuse its discretion by terminating C.T.'s parental rights on the basis of facts not alleged in DPHHS's petition or supported by the evidence?

### FACTUAL AND PROCEDURAL BACKGROUND

¶4    DPHHS initially filed a Petition for Emergency Protective Services and Temporary Legal Custody of S.T. and her natural mother, A.S., then a minor living in foster care, in October 2004.  The basis for that petition was that A.S. and S.T. had been living with C.T. for two years, C.T. was a convicted sex offender, and A.S. and S.T. had been exposed to domestic violence.  The District Court granted DPHHS's petition.  On August 9, 2005, S.T. was adjudicated a youth in need of care.

¶5    After more than two years of involvement by DPHHS, a Petition for Permanent Legal Custody and Termination of Parental Rights with Right to Consent to Adoption was filed with regard to C.T. on January 17, 2007.  That petition alleged that a treatment plan for C.T. was not necessary because C.T. had been previously convicted of sexual intercourse without consent with a minor.  The affidavit of social worker Katherine Winter was attached to DPHHS's petition and incorporated therein, and stated that S.T. was removed from C.T.'s custody "due to on-going domestic violence between [C.T.] and [A.S.].  [C.T.] demolished their home, choked [A.S.] down to the ground, ripped her

2

clothes off and threatened to rape her. This occurred in front of [S.T.]." The affidavit also stated that C.T. had previously been convicted of sexual intercourse without consent of a young girl and of criminal endangerment, and had never completed his sexual predator classes. In addition, the affidavit stated that C.T. had been arrested in August 2005 for failing to register as a sexually violent offender, and that he was also currently incarcerated awaiting trial on two felony burglary charges and one felony theft charge. The affidavit noted that C.T. had been incarcerated since September 2005 and that his last physical contact with S.T. was on August 18, 2005.

¶6    The District Court held a termination hearing on February 20, 2007. DPHHS began the hearing by requesting that the court take judicial notice of certified copies of the criminal information and judgment regarding the two counts of sexual intercourse without consent to which C.T. had pled guilty in 1997. After asking if there was any objection and receiving none, the court took judicial notice of the documents. DPHHS also advised the District Court that C.T. had been sentenced, on the same day as the termination hearing, to a twelve-year sentence with the Department of Corrections, with six years suspended, on the felony burglary charge referred to in Ms. Winter's affidavit. The District Court issued its findings of fact, conclusions of law, and order terminating C.T.'s parental rights on April 17, 2007. The District Court's conclusions were based on C.T.'s having committed sexual intercourse without consent on a child, his continual incarceration for the previous seventeen months, and his newly-ordered six-year prison sentence. C.T. appeals.

## STANDARD OF REVIEW

¶7 We review a district court's decision to terminate parental rights for an abuse of discretion. *In re M.A.L.*, 2006 MT 299, ¶ 17, 334 Mont. 436, ¶ 17, 148 P.3d 606, ¶ 17. "The test for an abuse of discretion is whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice." *In re M.A.L.*, ¶ 17.

¶8 Because "[a] parent's right to care and custody of a child is a fundamental liberty interest," *In re J.A.B.*, 1999 MT 173, ¶ 14, 295 Mont. 227, ¶ 14, 983 P.2d 387, ¶ 14, when determining whether to terminate parental rights a district court's factual findings must be made in accordance with § 41-3-609, MCA. *In re L.H.*, 2007 MT 70, ¶ 13, 336 Mont. 405, ¶ 13, 154 P.3d 622, ¶ 13. We review a district court's findings of fact for clear error. *In re M.A.L.*, ¶ 17. "A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence or if, upon reviewing the record, this Court is left with the definite and firm conviction that the district court made a mistake." *In re L.H.*, ¶ 13.

¶9 We review a district court's ruling on the admissibility of evidence for an abuse of discretion. *In re M.A.L.*, ¶ 17.

## DISCUSSION

¶10 **Did the District Court abuse its discretion by terminating C.T.'s parental rights on the basis of facts not alleged in DPHHS's petition or supported by the evidence?**

¶11 C.T. argues that the District Court abused its discretion by relying on two grounds for termination not raised by DPHHS in its petition. Specifically, C.T. points out that

4

DPHHS's petition did not allege that (1) C.T. had failed to complete a treatment plan, and (2) C.T. had been incarcerated since 2005 and was recently sentenced to a six-year prison term.[1] The District Court entered both of these facts in its findings of fact.

¶12 DPHHS responds that it met its burden of proof on at least one basis that was specifically alleged in its petition. DPHHS alleged that C.T. had previously been convicted of sexual abuse of a child, an aggravating circumstance, which negates the requirement to have a treatment plan and supports termination under § 41-3-609(1)(d), MCA.

¶13 Anticipating the State's argument, C.T. argues that the District Court improperly relied upon the criminal information and judgment of C.T.'s sexual intercourse without consent conviction—of which the court took judicial notice—because although DPHHS requested the court take judicial notice, DPHHS never actually requested that the court *admit* the documents after taking judicial notice. Therefore, C.T. argues, the documents were never received into evidence, and there was therefore no evidence to support termination of his parental rights on this ground.

¶14 A district court may terminate parental rights upon finding by clear and convincing evidence that the parent has subjected a child to any of the circumstances listed in § 41-3-423(2)(a) through (2)(e), MCA. Section 41-3-609(1)(d), MCA. One

---

[1]The petition did state that "a treatment plan is not required . . . because [C.T.] meets the criteria of Mont. Code Ann. § 41-3-609(1)(d)." The petition also expressly "incorporated" Ms. Winter's affidavit, which stated that C.T. was currently incarcerated on two felony burglary charges, and had been incarcerated since September 2005. C.T.'s six-year *sentence* on those burglary charges was not levied until the day of his termination hearing, and thus was not raised in the petition filed three months earlier.

5

such circumstance permitting termination of the parent-child relationship is a finding that the parent "subjected a child to aggravating circumstances, including . . . sexual abuse . . . ." Section 41-3-423(2)(a), MCA. The definition of "sexual abuse" includes sexual intercourse without consent. Section 41-3-102(27), MCA. In addition, while DPHHS normally must "make reasonable efforts to prevent the necessity of removal of a child from the child's home and to reunify families that have been separated by the state[,]" § 41-3-423(1), MCA, such as by creating a treatment plan for the parent, that duty is relieved when any of the circumstances in § 41-3-423(2)(a) through (2)(e), MCA, have occurred. Section 41-3-423(2), MCA.

¶15 Further, where a district court relies on more than one statutory basis in terminating parental rights, any one basis, if correctly relied upon, is sufficient to support termination under § 41-3-609(1), MCA. *In re M.J.W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18; *In re M.J.D.*, 225 Mont. 200, 205, 731 P.2d 937, 941 (1987). In *In re M.J.W.*, the district court terminated a father's parental rights on five separate statutory grounds. *M.J.W.*, ¶ 15. Although the father challenged the district court's holding pursuant to several of the grounds relied upon, and indeed was successful in establishing error on some, the father did not challenge the district court's conclusion that he had abandoned the child—a sufficient basis alone for terminating parental rights. *M.J.W.*, ¶ 18. DPHHS had satisfied its burden of proof to establish that ground, and thus, we affirmed the district court's termination of the father's parental rights. *M.J.W.*, ¶¶ 22-23.

6

¶16 Here, C.T. does not challenge the District Court's finding that he had previously sexually abused a child, or the District Court's termination of his parental rights on that substantive basis. Rather, C.T. challenges the District Court's reliance upon the judicially-noticed criminal information and judgment convicting C.T. of sexual intercourse without consent against a minor. According to C.T., the District Court took judicial notice of those documents but never "received" them into evidence, and thus, the District Court could not rely on that evidence in entering its findings of fact. However, we fail to see the distinction.

¶17 The Montana Rules of Evidence provide that judicial notice may be taken of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." M. R. Evid. 201(b). While ordinarily discretionary, taking judicial notice is "mandatory" under the Rules "if requested by a party and supplied with the necessary information." M. R. Evid. 201(d). In a civil proceeding, facts judicially noticed are accepted as conclusive. M. R. Evid. 201(g). Indeed, "[w]hen facts are not subject to reasonable dispute, . . . the District Court saves time and money for all parties by taking judicial notice of those facts." *State v. Hart*, 191 Mont. 375, 389-90, 625 P.2d 21, 29 (1981) (citing Commn. Comment, M. R. Evid. 201). Taking judicial notice of facts not subject to reasonable dispute saves time and money because it dispenses with the need for formal proof of facts. *See White v. White*, 480 P.2d 872, 876 (Idaho 1971). Thus, once a fact is properly judicially noticed,

7

the party offering such evidence is relieved of the duty to also move for its admission. Taking judicial notice of such facts accomplishes that purpose.

¶18   The District Court took judicial notice of C.T.'s sexual intercourse without consent conviction, and C.T. did not object.[2]   C.T.'s conviction was not subject to reasonable dispute.  As such, the District Court was entitled to rely on that conviction as clear and convincing evidence that C.T. had sexually abused a child.  *See In re M.A.L.*, ¶ 52 ("A certified copy of a prior conviction meets the definition of clear and convincing evidence to establish an aggravated circumstance.") (citation omitted). Such a finding constituted a sufficient basis—regardless of the court's other findings and whether such findings were in error or not—to terminate C.T.'s parental rights.   Sections 41-3-609(1)(a) and 41-3-423(2)(a), MCA.   DPHHS established by clear and convincing evidence that C.T. subjected a child to sexual abuse.  The record reflects that C.T. was charged and convicted of sexual intercourse without consent against a minor.

¶19   Because we hold that the District Court did not abuse its discretion by terminating C.T.'s parental rights on the basis of his prior conviction of sexual intercourse without consent against a minor, we do not address C.T.'s argument that the District Court erred by finding that C.T. failed to complete a treatment plan, had been incarcerated since 2005, and was sentenced to six years with the Department of Corrections when those facts had not been raised in DPHHS's petition.  Since at least one statutory basis for the District Court's decision was established, any issues regarding the court's alternative

---

[2]In addition, the record reflects that during his testimony at the termination hearing, C.T. acknowledged his conviction for sexual intercourse without consent against a minor and acknowledged that he had served time in prison for that offense.

bases for terminating C.T.'s parental rights are moot. *In re M.J.W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18.

¶20 Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS