DA 14-0273

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 298N

HARRY RICHARDS,

Petitioner and Appellant,

v.

STEVE SHORT, a/k/a DERRON SHORT,

Respondent and Appellee.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DR-14-25
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Harry Richards (self-represented); Trego, Montana

For Appellee:

Joseph Cik, Deputy Lincoln County Attorney; Libby, Montana

Submitted on Briefs:   October 22, 2014
Decided:   November 12, 2014

Filed:

_____

Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 Harry Richards (Richards) appeals from the orders of the Montana Nineteenth Judicial District Court, Lincoln County, denying his motion for change of venue; denying his motion to waive payment of fees for transcript production; denying his motion for change in counsel; and denying his petition for an order of protection. We affirm.

¶3 On January 9, 2014, Richards petitioned the Flathead County Justice Court for a temporary order of protection. In the petition, Richards alleged that Steve Short (Short) perpetrated a number of acts against him that made him fear for his life. The Justice Court determined that the information alleged did not support the conclusion that Richards was in danger from Short, and the court denied Richards' petition.

¶4 Richards appealed the Justice Court's order to the Montana Eleventh Judicial District Court, Flathead County. The District Court ordered a hearing on the matter. During that hearing, Short moved for a change of venue, and the District Court granted this motion. The District Court determined that it was not the proper county for the proceeding and transferred venue to the Montana Nineteenth Judicial District Court, Lincoln County.

¶5 Thereafter, Richards moved the Nineteenth Judicial District Court to return venue to the Eleventh Judicial District Court and to disqualify Short's counsel, with whom Richards

2

claimed to have a conflict of interest. These motions were denied. Following a hearing, the District Court also denied Richards' petition for an order of protection. At this point, Richards requested trial transcripts and moved the District Court to waive the transcription fees. The District Court denied this motion. Richards appeals.

¶6    Richards argues that the District Court erred when it denied his motion to return venue to the Eleventh Judicial District Court. He claims that it was a proper venue for the proceedings. We review de novo a district court's conclusions of law regarding venue. *State v. Patterson*, 2012 MT 282, ¶ 22, 367 Mont. 186, 291 P.3d 556. Title 40, chapter 15, MCA, specifies how and why orders of protection may be issued. The proper venue for actions brought under that chapter is "the county where the petitioner currently or temporarily resides, the county where the respondent resides, or the county where the abuse occurred." Section 40-15-301(4), MCA. In this case both Richards and Short resided in Lincoln County and the alleged abuse occurred in Lincoln County. For this reason, Lincoln County, and not Flathead County, is the proper venue for Richards' petition. The District Court did not err by denying Richards' motion to transfer venue to Flathead County.

¶7    Richards also argues that the District Court erred when it denied his motion to waive the transcription fee. Generally, a party must pay a transcription fee to the court reporter or clerk of the district court before transcripts will be produced. Sections 3-5-604(1) and -604(3), MCA. There are some exceptions to this rule, but none are applicable here. *See* Sections 3-5-604(4) and -604(5), MCA; M. R. App. P. 8(5). As such, Richards may request a transcript of the trial, but the "court reporter may withhold delivery of the transcript until

3

the transcription fee is paid." Section 3-5-604(1), MCA. The District Court did not err by refusing to waive the transcription fee.

¶8 Richards also argues that the District Court erred when it denied his motion to disqualify Shorts' counsel, Joseph Cik (Cik). Richards contends that he had a conflict of interest with Cik, since Cik is a Deputy Lincoln County Attorney and the Lincoln County Attorney's Office was prosecuting Richards in another case. Yet, this does not constitute a conflict of interest or require disqualification per se. *See State v. Dahms*, 252 Mont. 1, 9-10, 825 P.2d 1214, 1219 (1991) (holding that disqualification of a prosecutor was not necessary where the prosecutor was simultaneously defending police officers in a civil suit brought by the criminal defendant). Instead, disqualification of an attorney is a matter of discretion for the district courts. *Dahms*, 252 Mont. at 9-10, 825 P.2d at 1219. On appeal and before the District Court, Richards has presented no authority in support of his argument and no evidence showing that his prosecution or this case was handled any differently because of Cik's dual roles. For these reasons, the District Court did not abuse its discretion by refusing to disqualify Cik based on Richards' claim of a conflict of interest. *See Dahms*, 252 Mont. at 9-10, 825 P.2d at 1219.

¶9 Finally, Richards argues that the District Court erred when it denied his petition for an order of protection. We review a district court's findings of fact for clear error and its denial of protective orders for abuse of discretion. *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631; *In re S.T.*, 2008 MT 19, ¶ 8, 341 Mont. 176, 176 P.3d 1054.

4

¶10 However, we are unable to review the District Court's factual findings in this case, as Richards failed to make a transcript of the proceedings part of the record before this Court. *Giambra v. Kelsey*, 2007 MT 158, ¶ 36, 338 Mont. 19, 162 P.3d 134; *see* M. R. App. P. 8(2)-(3). Accordingly, we will not disturb the District Court's finding that there was "no credible evidence that [Short] deliberately harassed or intimidated [Richards] or acted in any matter inconsistent with his duties as a law enforcement officer."

¶11 As such, there is, as the District Court concluded, no basis for an order of protection. An order of protection may be issued if a district court determines that the petitioner needs permanent protection "to avoid further injury or harm." Section 40-15-204(1), MCA. A temporary order of protection shall be issued if the petitioner is "in danger of harm if the court does not act immediately." Section 40-15-201(2), MCA. As there was "no credible evidence" that Short harassed or intimidated Richards or that Richards was otherwise in danger of harm from Short, it was not an abuse of discretion for the District Court to refuse to grant an order of protection.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for nonciteable memorandum opinions. The legal issues in this case are controlled by settled Montana law, which the District Court correctly interpreted. With respect to issues of judicial discretion, there clearly was not an abuse of discretion.

¶13 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE