**FILED**

March 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 14-0406

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 88N

IN THE MATTER OF:

N.B., C.B. and A.B.,

     Youths in Need of Care.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause Nos. DN 12-09, DN 12-10, DN 12-11
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Meri Althauser, Montana Legal Justice, PLLC; Missoula, Montana

     For Appellee:

          Timothy Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General; Helena, Montana

          Carolyn Berkram, Glacier County Attorney; Cut Bank, Montana

          Submitted on Briefs:  February 18, 2015
                    Decided:  March 17, 2015

Filed:

                    _____
                              Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 D.B. (Father) appeals three orders of the Ninth Judicial District Court, Glacier County, which terminated his parental rights to each of his three children: N.B., C.B., and A.B. The three children were each adjudicated youths in need of care on March 7, 2013, and on June 5, 2014, Father's parental rights were terminated. We affirm.

¶3 Father is the birth father of N.B., born 2001; C.B., born 2002; and A.B., born 2008. M.K. (Mother 1) is birth mother of N.B. and C.B., and S.P. (Mother 2) is birth mother of A.B. Only Father's parental rights are at issue in this appeal. As of June 2014, Mother 1 has been working on a treatment plan in South Dakota while N.B. and C.B. live with relatives. Mother 2 completed a treatment plan with the Department of Public Health and Human Services (Department), and she has been successfully parenting A.B. since November 2012.

¶4 On August 30, 2012, the Department received a report from the Cut Bank Police Department, expressing concern about the condition of Father's home. Upon executing a search warrant for the home, the police discovered dirty clothes, soiled mattresses, a strong smell of urine, and what the police believed was a pipe used to smoke methamphetamine. The Department began working with Father on a voluntary basis after the report was filed. On September 6, 2012, two Child Protection Specialists (CPS) from the Department visited the home, and although the home was still very dirty, they found no immediate threats to the

2

children's safety. On September 20, 2012, the Department received a report that the home had no running water, and the children had to wear the same clothes for several days in a row.

¶5 On September 28, 2012, Father was arrested on charges of theft by embezzlement, and was found in possession of methamphetamine. After Father's arrest, the Department went to the home and found cat and dog feces on the floor and old food and trash covering the beds and floors. On September 30, 2012, all three children were sent to live with relatives. On October 2, 2012, Father was charged with felony embezzlement, felony criminal possession of dangerous drugs, and felony failure to register as a sex offender. On December 19, 2012, Father was charged with sexual assault and sexual intercourse without consent.

¶6 On February 22, 2013, the Department petitioned for all three children to be adjudicated as youths in need of care, citing the dangerous conditions of the home and Father's criminal activity. The petitions were granted on March 7, 2013. On December 6, 2013, the Department petitioned to terminate Father's parental rights pursuant to § 41-3-609(1)(f), MCA, alleging that the children were adjudicated youths in need of care, a treatment plan had been approved by the Court, and Father did not or could not comply with the plan due to his incarceration for felony sexual intercourse with a minor. On February 12, 2014, Father was given five concurrent sentences totaling 100 years at Montana State Prison (MSP), with 60 years suspended, for the crimes of embezzlement, failure to register as a sex offender, sexual assault, sexual intercourse without consent, and sexual abuse of children.

¶7 On March 19, 2014, the District Court conducted a termination hearing regarding Father's parental rights. At the hearing, the Court took judicial notice of Father's criminal convictions and sentence of 100 years at MSP with 60 years suspended. A CPS from the Department testified at the hearing that a treatment plan was ordered for Father on March 6, 2013, and Father was offered services while he was incarcerated to complete his treatment plan. However, the CPS also testified that Father's first attorney did not want Father receiving services pursuant to his treatment plan while Father was incarcerated. The District Court entered written orders terminating Father's parental rights on June 5, 2014. Father appeals.

¶8 We review a district court's decision to terminate an individual's parental rights to determine whether the lower court abused its discretion. Our review for abuse of discretion is whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice. *In re T.S.B.*, 2008 MT 23, ¶ 17, 341 Mont. 204, 177 P.3d 429.

¶9 We review a district court's findings of fact to determine whether those findings are clearly erroneous. We review the court's conclusions of law to determine whether the court correctly interpreted and applied the law. *In re Declaring A.N.W.*, 2006 MT 42, ¶ 28, 331 Mont. 208, 130 P.3d 619. "A parent's right to care and custody of a child is a fundamental liberty interest." *In re J.A.B.,* 1999 MT 173, ¶ 14, 295 Mont. 227, 983 P.2d 387. When determining whether to terminate parental rights, a district court's factual findings must be made in accordance with § 41-3-609, MCA. *In re S. T.*, 2008 MT 19, ¶ 8, 341 Mont. 176, 176 P.3d 1054.

4

¶10     Father argues that his due process rights were violated because the District Court's written order conflicted with the oral pronouncement of the termination of his parental rights, meaning Father did not have notice of the proper basis for his termination. At the hearing on March 19, 2014, the District Court cited several reasons for the termination of Father's parental rights: Father's long-term incarceration and conviction for a sex offense, (where the Department and the District Court erroneously cited to § 41-3-609(1)(c), MCA), Father's failure to complete a treatment plan and the unlikelihood of his behavior changing in a reasonable time under § 41-3-609(1)(f), MCA, and the presumption supporting termination under § 41-3-604, MCA (termination is presumed in the best interest of the child if the child has spent 15 of the last 22 months in foster care). However, Father argues that the District Court used a different statute in its written order as the basis for the termination, § 41-3-609(4)(c), MCA (no treatment plan is required if "the parent is or will be incarcerated for more than 1 year and reunification of the child with the parent is not in the best interests of the child because of the child's circumstances"). Father argues that none of the statutes cited by the District Court were applicable to his situation, and therefore the District Court did not properly terminate his parental rights.

¶11     The Department notes that we have upheld terminations of parental rights where a parent is facing long-term incarceration, despite procedural irregularities, citing *In re B.H.M.*, 245 Mont. 179, 799 P.2d 1090 (1990), in which we held:

> While it is unclear from the District Court's findings whether it was proceeding under § 41-3-609(1)(c)(i), MCA[,] requiring proof of an unsuccessful treatment plan, or under § 41-3-609(4), MCA, not requiring any plan at all, we conclude that there is sufficient evidence in the record to justify the District Court's decision to terminate.

5

*In re B.H.M.*, 245 Mont. at 186, 799 P.2d at 1094. The Department asserts that in this case, Father was not required to have a treatment plan under § 41-4-609(4)(c), MCA, because of his incarceration over one year.

¶12 We agree with the Father that the procedural irregularities in this case were significant and that he was not given adequate notice of the statutory basis for the Department's claims. Under the facts of this case, however, we are compelled to conclude that the error was harmless. The children were adjudicated youths in need of care, and the Department was not required to provide Father with reunification services under § 41-3-423(2)(a), MCA, due to his conviction for sexual abuse of children. A conviction for sexual abuse of children is sufficient grounds for termination of parental rights pursuant to § 41-3-609(1)(d), MCA. Therefore, the District Court did not abuse its discretion when it terminated Father's parental rights to N.B., C.B., and A.B.

¶13 Father also alleges ineffective assistance of counsel because counsel failed to object to the appropriateness of Father's treatment plan, and counsel refused to allow Father to receive services to complete his treatment plan while Father was incarcerated at MSP. Under § 41-3-609(1)(f)(i), MCA, the District Court must consider if the parent failed to comply with an "appropriate treatment plan," which must consider "the unique circumstances of each case." *In re D.B.*, 2007 MT 246, ¶ 32, 339 Mont. 240, 168 P.3d 691. Father argues that the treatment plan suggested by the Department was not appropriate because it did not consider his incarceration. Father argues that counsel's failure to object to this treatment plan and refusal to allow him services while incarcerated were ineffective assistance of counsel.

6

¶14 A parent must be able to show prejudice to sustain a claim for ineffective assistance of counsel in a termination of parental rights proceeding. *In re A.S.*, 2004 MT 62, ¶ 31, 320 Mont. 268, 87 P.3d 408. Father has failed to demonstrate such prejudice. Father has not challenged his conviction for felony sexual abuse of a child or the fact that he is serving a 40 year sentence at MSP. Irrespective of whether Father's counsel objected to the treatment plan or allowed Father access to services in prison, there were multiple bases for termination of Father's parental rights which are undisputed. Father's claim of ineffective assistance of counsel must fail.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Therefore, the issue of the termination of Father's parental rights was one of judicial discretion and there clearly was not an abuse of discretion. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BETH BAKER