FILED

09/19/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0112

DA 17-0112

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 231N

IN RE THE MARRIAGE OF:

SHANNON R. PATTERSON,

Petitioner and Appellee,

and

JOSH T. PATTERSON,

Petitioner and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR 10-368
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Josh T. Patterson, self-represented, Missoula, Montana

For Appellee:

Richard A. Reep, Reep, Bell, Laird & Jasper, P.C., Missoula, Montana

Submitted on Briefs:  August 23, 2017

Decided:  September 19, 2017

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of non-citable cases published in the Pacific Reporter and Montana Reports.

¶2     This appeal arises out of a marriage dissolution proceeding in which a decree was entered in the Fourth Judicial District Court, Missoula County, on June 1, 2010, dissolving the marriage of Josh Patterson and Shannon Patterson, n/k/a Shannon Hayden.  The proceedings have been extensive since then, as reflected by the over 350 entries in the District Court docket.  The appellate history has been similarly complicated, including the dismissal by this Court of three attempted appeals by Josh, proceeding *pro se*, prior to the entry of an appropriate final judgment.

¶3     Josh's central challenges on appeal are to the parenting order that placed the parties' child, C.P., in the sole care and control of Shannon, and to the District Court's award of attorney fees.  These issues were primarily determined in the District Court's order of July 14, 2016, which also placed the custody of the parties' other child, W.P., with Josh.

Josh's arguments incorporate objections to parts of other orders as well, but these are the primary issues raised.[1]

¶4 The District Court found that the effect of the numerous filings by Josh "was to multiply these proceedings dramatically and to prolong final resolution of outstanding issues," even though "[t]he record is replete with warnings and admonitions against Josh . . ." by the District Court. "Despite this, Josh persisted in failing to respond to discovery, in filing inappropriate pleadings, and otherwise multiplying these proceedings in a manner which was clearly not in the best interest of the children." The District Court found that "Josh repeatedly resisted the children's counselor and the GAL's recommendations creating litigation which resulted in numerous orders from this Court. Josh failed to comply with the terms of the Decree resulting in unnecessary litigation and orders to compel."[2] The District Court explained that a basis for Shannon's request for attorney fees was Josh's "unnecessary duplication and multiplication of these proceedings."

---

[1] Josh summarizes his challenge to the orders regarding attorney's fees entered by the District Court as follows: "On January 18, 2017, based on the erroneous July 14, 2016 Findings of Fact, Conclusion of Law and Order, perpetuating historic erroneous Findings of Fact beginning with the August 19, 2015 Findings of Fact, the District Court ordered Josh to pay another $5,197.08 in attorney's fees, in addition to the thousands of dollars in attorney's fees previously awarded Shannon." Thus, we reference findings entered by the District Court in these various orders to address the issues raised on appeal.

[2] In contrast, the District Court stated in its findings that "[t]his Court notes that Shannon has followed virtually every recommendation issued by this Court, participating counselors and the Guardian ad litem."

3

¶5 Regarding Josh's approach to parenting the children, the District Court found that:

Josh has continued to involve both WP and CP in this dispute by discussing financial matters, visitation schedules, and all manner of adult issues. He has been warned to cease such discussions but, by all appearances, neither he nor his family [have] discontinued this campaign against Shannon . . . . This Court finds that Josh has embarked on a significant campaign to alienate the children from their mother, Shannon. Through his continued criticism, slander, and disparagement of Shannon, he has encouraged both WP and CP to disrespect their mother and officers of the legal system and [has] alienated Shannon from the children's love and affection and [has] alienated the children from Shannon's love and affection.

The District Court thus concluded that "[b]ecause this Court has found that significant parental alienation has occurred, CP's custodial status with Shannon shall be as a sole custodian."[3]

¶6 The record further demonstrates that Josh's attacks have included the use of social media, where the parties' two minor children can not only view the content, but can participate by liking and commenting. Josh has complained about the handling of the case, called Shannon derogatory names and even posted sexually explicit photos of Shannon—all of which the children could see. Josh called Shannon derogatory names in text messages to his children and supported the children's use of derogatory names for Shannon on social media. Josh has taken extreme action in the case, including suing the Guardian Ad Litem, attempting to introduce an adult video of Shannon into evidence, and attempting to introduce other evidence of alleged past sexual misconduct by Shannon. Josh's actions are in clear violation of the parenting plan and against the best interest of the children. Josh

---

[3] Although the District Court referred to Shannon as "sole custodian," the order nonetheless allowed Josh to exercise parenting time with C.P.

4

commonly alleges judicial corruption as the reason for the rulings against him, which we completely reject for lack of factual basis.

¶7 "A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence or if, upon reviewing the record, this Court is left with the definite and firm conviction that the district court made a mistake." *In re S.T.*, 2008 MT 19, ¶ 8, 341 Mont. 176, 176 P.3d 1054 (citation omitted). The appellant has "the duty to present the supreme court with a record sufficient to enable it to rule upon the issues raised. Failure to present the court with a sufficient record on appeal may result in . . . affirmance of the district court on the basis the appellant has presented an insufficient record." M. R. App. P. 8(2).

¶8 Josh argues that several of the District Court's recent orders awarding attorney's fees are based on erroneous findings of fact. However, Josh provides few citations to the record demonstrating these findings are erroneous. Josh quibbles over the language used by the District Court and details of the complex and lengthy litigation. Josh has not met his burden to demonstrate the District Court's finding of fact was erroneous. We affirm the District Court's determination that the award of attorney's fees is supported by the record, given Josh's own egregious conduct, the terms of the parenting plan and marital settlement which allows for attorney's fees, and § 37-61-421, MCA, which allows a litigant to be held responsible for attorney's fees when he unreasonably and vexatiously multiplies the proceedings.

¶9 Josh also argues that the District Court violated his free speech rights by punishing him for his social media posts, and by curtailing future posts. A state "may sometimes curtail speech [ . . . ] when necessary to advance a significant and legitimate state interest." *State v. Lance*, 222 Mont. 92, 103, 721 P.2d 1258, 1266 (1986) (quoting *City Council v. Taxpayers for Vincent*, 466 U.S. 789, 804, 104 S. Ct. 2118, 2128 (1984)). Here, there is a compelling interest in protecting the minor children from being exposed to the adult matters involved in this litigation, especially Josh's continual denigration of the children's mother. Further, the curtailment is sufficiently narrow, as Josh is only prohibited from speaking where his children are exposed to his speech. Therefore, Josh's free speech rights have not been violated.

¶10 Finally, Josh argues that his constitutional right to parent has been infringed by awarding Shannon full custody of their younger child, C.P. Custody of a child may be terminated, but the district court must carefully follow the procedures set forth by the legislature for doing so. *Fischer v. Fischer*, 2007 MT 101, ¶ 24, 337 Mont. 122, 157 P.3d 682. Josh does not contend that the District Court failed to follow the procedures set forth by the legislature, nor does he challenge these procedures. Thus, he has not properly raised a constitutional challenge. We note that Josh's rights as a parent have been significantly limited because his own conduct is against the best interest of the children.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

6

applicable standards of review.  Having reviewed the briefs and limited record on appeal, we conclude that the District Court's findings of fact are not clearly erroneous, the conclusions of law are correct, and there has been no abuse of discretion.

¶12     Affirmed.


/S/ JIM RICE


We concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR